ORIGINAL

Lance Kamuela Gomes
Brandee Leigh Abuan
Indiana Alohikala Gomes
Bella Auhea Kekauluohi Gomes
P. O. BOX 382
Kalaheo, HI 96741
808-278-8243
kamuela@live.com
PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 27 2020

at 12 o'clock and 55 min. P M
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Lance Kamuela Gomes; Brandee Leigh Abuan; Indiana Alohikala Gomes (m); Bella Auhea Kekauluohi Gomes (f).<br>*Plaintiffs*<br>-v-<br><br>COUNTY OF KAUAI; DEREK S. K. KAWAKAMI; PATRICK PORTER; WALLACE G. REZENTES JR.; ROBIN SERQUINA;  ELLSWORTH KALEIOHI; RAY ORTIZ; KAUAI POLICE DEPARTMENT; TODD RAYBUCK;  KAUAI POLICE COMMISSION;  MARY K. HERTOG; and DOES 1-10.<br>*Defendants* | Civil No. CV20 00189 JMS WRP<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br>DEMAND FOR JURY TRIAL<br>EXHIBITS A, B<br>CERTIFICATE OF SERVICE<br>SUMMONS<br><br>Hearing Date:<br>Judge: |

## JURISDICTION AND VENUE

1. Under 42 U.S.C. § 1983, Plaintiffs, Lance Kamuela Gomes; Brandee Leigh Abuan; Indiana Alohikala Gomes; and Bella Auhea Kekauluohi Gomes; herein after known as ("Plaintiffs" at times "Plaintiffs and their Children") brings

Received By Mail
Date APR 27 2020

Mailed On
Date APR 28 2020

Page **1** of **14**

this complaint, and seeks Personal Compensatory Damages, Punitive Damages, Declaratory, and Injunctive relief against Defendants, of the COUNTY OF KAUAI, DEREK S. K. KAWAKAMI, in his Official Capacity as Mayor; PATRICK T. PORTER, in his Official Capacity as Director of Department of Parks and Recreation; WALLACE G. REZENTES JR., in his Official Capacity as Deputy Director of Department of Parks and Recreation; ROBIN SERQUINA, in her Official Capacity as Ranger, Department of Parks and Recreation; ELLSWORTH KALEIOHI, in his Official Capacity as Ranger, Department of Parks and Recreation; RAY ORTIZ in his Official Capacity as Ranger, Department of Parks and Recreation; KAUAI POLICE DEPARTMENT; TODD RAYBUCK in his Official Capacity as Chief of Police; KAUAI POLICE COMMISSION, MARY K. HERTOG, in her official Capacity as Chairperson; and DOES 1-10; hereinafter known as ("Defendants"), under 42 U.S.C. § 1983, on the grounds that those Defendants, by their conduct, knowingly, willingly, and intentionally violated, and have threatened to inflict pain, by violating rights secured to Plaintiffs by the Constitution of the United States.

2.   Accordingly, Plaintiffs invoke this Court's federal question jurisdiction as conferred by 28 U.S.C. § 1331.

3.   Additionally, because the relief sought is pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

4.     Plaintiffs and their Children who are current or formerly registered homeless, camping at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii. Plaintiffs claim that their citations issued by Defendants acting under color of law in accordance with the Kauai County Code enforcing **Illegal Camping KCC 19-2.3(a)** violated the U.S. CONSTITUTION Eighth Amendment's prohibition on cruel and unusual punishment, *see BOISE V. MARTIN* No. 15-35845 D.C. No. 1:09-cv-00540-REB.

5.     Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2) because the Defendants reside in this district, because all events or omissions giving rise to the claim occurred in this district.

**STATEMENT OF CLAIM**

7.     At Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii, Plaintiffs who are registered Homeless with Kauai Economic Opportunity hereinafter called ("KEO"), are currently sheltering in place within the permitted camping area.

8. Currently the County of Kauai has one shelter operated by KEO located in Lihue with a maximum capacity of 19 occupants with over 500 registered homeless on Kauai.

9. On September 5, 2019 Defendants received LEGAL NOTICE via USPS CM RRR (see EXHIBIT A) Stating Liability in accordance with 42 U.S.C. § 1983.

10. On October 21, 2019 at 5:00 am, Defendant, RAY ORTIZ, in his Official Capacity as Ranger, under the authority of the County of Kauai, Department of Parks and Recreation, acting under color of law enforcing **Illegal Camping KCC 19-2.3(a)**, went beyond the scope of his authority in his Official Capacity by first Unprofessionally Terrorizing to inflict pain, and Intimidate Plaintiffs and their Children, by knowingly, willingly, and Intentionally inflicting emotional distress, by yelling that everyone will be cited for Illegal Camping and arrested if Plaintiffs don't break down and leave campgrounds Immediately while shining a bright flash light in the windows of Plaintiffs tents, further Terrorizing and Psychologically Harassing Plaintiffs and their Children. With Malicious Intent, Defendant, RAY ORTIZ dispatched officers from the Kauai Police Department herein after called ("KPD"). Citation was issued.

11. On November 6, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF

KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiffs and their Children with Malicious intent to scare Plaintiffs away and out of Park camping area.

12. On November 8, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiffs and their Children with the Malicious intent to scare Plaintiffs away and out of Park camping area.

13. On November 11, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiffs

and their Children with the Malicious intent to scare Plaintiffs away and out of Park camping area.

14. On November 20, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiffs and their Children with the Malicious intent to scare Plaintiffs away and out of Park camping area.

15. On or about December 3, 2019, at approximately 9:00 am, Defendants, ELLSWORTH KALEIOHI, and ROBIN SERQUINA, in their Official Capacity as rangers for the COUNTY OF KAUAI, Department of Parks and Recreation, did knowingly, willingly, and intentionally inflict emotional distress, to wit, with Malicious intent, entered Salt Pond park and removed all Plaintiffs personal property, Defendants failed to inventory Plaintiffs personal property seized on site, in Plaintiffs presence. Personal property seized was returned to Plaintiffs incomplete.

16. On or about December 5, 2019, at approximately 6:00 am, Defendant, ELLSWORTH KALEIOHI, entered the Salt Pond Beach Park Camping area acting

under color of law enforcing KCC 19-2.3 (a) Illegal Camping and Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiffs and their Children with the Malicious intent to scare Plaintiffs away and out of Park camping area when as stated previously there is only one shelter currently on Kauai operated by KEO with maximum occupancy of 19, with over 500 registered homeless the KEO shelter is incapable of offering shelter and assistance to the entire islands houseless community, therefore Plaintiffs have no other option but to shelter in place at the County Beach Park camping area.

17. On or about December 9, 2019, at approximately 6:00 am, KPD Officers arrived at Salt Pond Beach Park and arrested and detained Plaintiff Lance Kamuela Gomes, once again knowingly, willingly, and intentionally inflicting emotional distress, leaving Brandee Leigh Abuan, Indiana Alohikala Gomes, and Bella Auhea Kekauluohi Gomes, who were told by officers from KPD, that if they don't leave immediately they too will be detained, through Terror to inflict pain, and Fear from Psychological Harassment, Plaintiffs left the Salt Pond Beach Park.

17. When Plaintiff Lance Kamuela Gomes asked what was the charge or reason for arrest and being detained, KPD officer Brown stated that Plaintiffs had been warned to stay out of the Park and that he had Executive orders from the top of the chain of command, being sent by Defendants DEREK S. K. KAWAKAMI,

Mayor; TODD RAYBUCK, Police Chief; and MARY K. HERTOG, Police Commission Chair.

18. Later that day Plaintiffs obtained camping permits from the County of Kauai for Salt Pond Beach Park.

19. The following morning, December 10, 2019, at approximately 5:00 am, Defendant, ELLSWORTH KALEIOHI Psychologically Harassed Plaintiffs, by removing Camping Permits, and once again knowingly, willingly, and intentionally inflicting emotional distress and with Malicious intent, issued citations for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) with the objective of deterring Plaintiffs from continuing to shelter in place at Salt Pond Beach Park.

20. On December 24, 2019, Christmas eve, at approximately 6:30 pm, Defendants, once again knowingly, willingly, and intentionally inflicting emotional distress, with Malicious intent, Psychologically Harassed Plaintiffs and their Children, by turning off the electricity for the entire Salt Pond Beach Park including the electric sewage pump, to wit, interfering with daily meals, cooking, and the use of restrooms, with the objective of deterring Plaintiffs from continuing to shelter in place at Salt Pond Beach Park.

21. On January 8, 2020, at approximately 8:00 am, in the District Court of the Fifth Circuit all other charges from numerous citations of Illegal Camping KCC

19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) were **"DISMISSED WITH PREJUDICE - IN INTEREST OF JUSTICE"** (see EXHIBIT B).

22.  Immediately following the Courts Dismissal, Plaintiffs hand delivered copies of the Courts Dismissal documents to Defendants, of the County of Kauai, Department of Parks and Recreation, and respectfully explained that there is no other option for shelter provided for the homeless community by the County of Kauai, or State of Hawaii and therefore, any further citations would be cruel and unusual punishment inflicted on Plaintiffs who are Registered Homeless with KEO. Defendant, WALLACE G. REZENTES JR., knowingly, willingly, and intentionally exclaimed to Plaintiffs, that citations will continue to be issued regardless of the courts dismissal, and in spite of the County of Kauai's lack of fulfilling its obligation to provide substantial shelter around the Island of Kauai for the homeless in each district of the County, thereby, Psychologically Harassing Plaintiffs and intentionally inflicting emotional distress.

23.  On January 15, 2020, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict

pain, and Psychologically Harassing Plaintiffs and their Children with the Malicious intent, to scare Plaintiffs away and out of Park camping area.

24. On April 8, 2020, at approximately 9:00 am, Defendants, with Malicious intent, once again knowingly, willingly, and intentionally inflicting emotional distress, by Psychologically Harassing Plaintiffs and their Children, by turning off the electricity for the entire Salt Pond Beach Park, to wit, interfering with cooking, and daily meals, with the objective of deterring Plaintiffs from continuing to shelter in place at Salt Pond Beach Park. Plaintiffs informed Defendants, DEREK S. K. KAWAKAMI, in his official capacity as Mayor, and WALLACE G. REZENTES JR., in his Official Capacity as Deputy Director of Department of Parks and Recreation, that there are four Asthmatic children and one adult who are currently Homeless at the park that need the electricity for operating their Nebulizers during daily Asthma attacks, at approximately 3:30 pm Defendant, WALLACE G. REZENTES JR., in his Official Capacity as Deputy Director of Department of Parks and Recreation, arrived at Salt Pond Beach Park and restored the electricity in good faith.

**CLAIM FOR RELIEF**

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

**(42 U.S.C. § 1983 et seq.; United States Constitution, Amendment VIII)**

25. Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth here.

26. The Defendants, jointly and severally, through their actions and inaction have continually violated the rights of Plaintiffs and others similarly situated, and will continue to do so unless enjoined and abated.

27. Acting in concert, Defendants violated the U.S. CONSTITUTION EIGHTH AMENDMENTS Prohibition on cruel and unusual punishment (*see BOISE V. MARTIN* No. 15-35845 D.C. No. 1:09-cv-00540-REB.), in such causing Plaintiffs Personal injuries, Intentionally Inflicting Emotional Distress, through Psychological Harassment.

28. Plaintiffs and their Children sustained emotional and phycological Trauma caused by the severity of the Defendants repeated Unprofessional and UNCONSTITUTIONAL, cruel and unusual punishment inflicted, and Malicious actions, and Psychological Harassment, aimed to deter Plaintiffs and their Children from sheltering in place at Salt Pond Beach Park Camping Area.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that the Court enter judgment in their favor granting the following relief:

A. Personal Compensatory Damages in the amount of $500.00.

B.   Punitive Damages in the amount of $3,500,000 to redress grievances and injuries inflicted.

C.   A preliminary and permanent injunction abating the cruel and unusual punishment inflicted, alleged herein, to include:

- enjoining Defendants from further violations of the U.S. CONSTITUTION, by citing Registered Homeless and enforcing KCC 19-2.3 (a) Illegal Camping , as alleged herein;

D.   Costs of court; and

E.   Attorney fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiffs demand a jury trial as to all matters triable by jury.

Dated: April 20, 2020.                    Respectfully submitted,
                                          LANCE KAMUELA GOMES, *IN PRO PER*

                                          By: */s/ Lance Kamuela Gomes*
                                          Lance Kamuela Gomes
                                          Plaintiff

P. O. BOX 382
Kalaheo, HI 96741
808-278-8243
kamuela@live.com

## CERTIFICATE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Signed on April 20, 2020,     PLAINTIFFS PRO SE

_Lance Kamuela Gomes /s/_                    _Brandee Leigh Abuan /s/_
Lance Kamuela Gomes                           Brandee Leigh Abuan

P. O. BOX 382                                 Indiana Alohikala Gomes /s/
Kalaheo, HI 96741
808-278-8243                                  Bella Auhea Kekauluohi Gomes /s/
kamuela@live.com