IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE KAMUELA GOMES; BRANDEE LEIGH ABUAN; I.A.G.; B.A.K.G.;<br><br>                Plaintiffs,<br><br>        vs.<br><br>COUNTY OF KAUAI; et al.,<br><br>                Defendants. | Civ. No. 20-00189 JMS-WRP<br><br>ORDER GRANTING MOTIONS TO DISMISS, ECF NOS. 32-34 |

## ORDER GRANTING
## MOTIONS TO DISMISS, ECF NOS. 32-34

### I. INTRODUCTION

On April 27, 2020, pro se Plaintiffs Lance Kamuela Gomes, Brandee Leigh Abuan, I.A.G., and B.A.K.G.[1] (collectively, "Plaintiffs"), filed a Complaint against Defendants County of Kauai, Derek S.K. Kawakami, Patrick Porter, Wallace G. Rezentes Jr., Robin Serquina, Ellsworth Kaleiohi, Ray Ortiz, Kauai

---

[1] Because I.A.G. and B.A.K.G. are minors, the court uses their initials and not their full names.  *See* Fed. R. Civ. Proc. 5.2(a)(3).

1

Police Department, Todd Raybuck, Kauai Police Commission, and Mary K. Hertog (collectively "Defendants").[2]  ECF No. 1.

## II. BACKGROUND

### A.  Factual Background[3]

Plaintiffs are "current or formerly registered homeless, camping at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii." ECF No. 1 at PageID #3.  The Complaint alleges that the County of Kauai has one homeless shelter with a maximum capacity of 19 occupants, with over 500 registered homeless individuals in the County.  *Id.* at PageID #4.  While homeless and camping at Salt Pond Beach Park, the Complaint alleges that Plaintiffs were cited for illegal camping and constructing an illegal structure pursuant to Kauai County Code ("KCC") on multiple dates from October 2019 though January 2020. *Id.* at PageID #4-9.  Specifically, the Complaint alleges that Defendants enforced KCC

---

[2] Defendant Kawakami is Mayor of Kauai County; Todd Raybuck is the Chief of Police of the County of Kauai; and Mary K. Hertog is the Chairperson of the Kauai Police Commission. All other Defendants are officials of the Kauai County Department of Parks and Recreation. ECF No. 1 at PageID #2.  They are all sued in their official capacities only.  *Id.*

[3] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

§§ 19-2.3(a)[4] and 19-1.4(a)(13)[5] against them in violation of the Eighth Amendment and *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019). Further, the Complaint alleges that on December 9, 2019, Plaintiffs "obtained camping permits from the County of Kauai for Salt Pond Beach Park," but were nonetheless cited for camping without a permit and constructing an unauthorized structure (again, in violation of KCC §§ 19-2.3(a) and 19-1.4(a)(13)) on December 10, 2019). *Id.* at PageID #7-8. Further, Plaintiffs allege that on December 3, 2019, Defendants Kaleiohi and Serquina removed Plaintiffs' personal property from Salt Pond Beach Park, but failed to return all of the property. *Id*. at PageID #6. Finally, Plaintiffs allege that on April 8, 2020, "Defendants" turned off the electricity at Salt Pond Beach Park. *Id*. at PageID #10.

---

[4] Section 19-2.3, entitled "When Permit Required; Time for Issuance" provides in relevant part:

> (a) Any person who camps, erects a tent or constructs any temporary sleeping quarters on any County public park during the hours of 5:00 p.m. to 10:00 a.m. shall first obtain a camping permit from the Department of Parks and Recreation or any other authorized County agency.

[5] Section 19-1.4(a)(13) provides in relevant part:

> (a) No person at a park or recreation facility shall:
> . . . .
>
> (13) Construct or erect any building or structure of whatever kind, whether permanent or temporary in character, unless authorized by the County Engineer or designated representative on a permit, except for a prefab and manufactured quick tent no larger than twenty (20) feet by twenty (20) feet for an event or gathering.

## B. Procedural Background

On April 27, 2020, Plaintiffs filed this action against Defendants asserting a single claim under 42 U.S.C. § 1983 based on a violation of the Eighth Amendment. ECF No. 1.[6]

Defendant County of Kauai filed its Motion to Dismiss on June 8, 2020, arguing that the Complaint fails to state an Eighth Amendment claim under *Martin*. ECF No. 33. Defendants Kawakami, Porter, Rezentes, Serquina, Kaleiohi, and Ortiz filed a Motion to Dismiss on June 8, 2020, arguing that claims against them in their official capacities are duplicative of claims against the County of Kauai. ECF No. 32. Defendants Kauai Police Department, Raybuck, the Kauai Police Commission, and Hertog filed a separate Motion of Dismiss on June 8, 2020, also arguing that the claims against them are duplicative of the claims against the County. ECF No. 34. Plaintiffs filed oppositions on July 29, 2020, ECF Nos. 39-41, and replies were filed on August 6, 2020. ECF Nos. 42-44. A telephonic hearing was held on August 24, 2020.

---

[6] During the hearing on this matter, counsel for the County of Kauai suggested that the Complaint may also allege state tort claims. After careful review, and even construed liberally, the court does not find that any state tort claims are alleged in the Complaint. Nonetheless, because the court is granting Plaintiffs leave to amend, they may include state tort claims in any amended complaint. If Plaintiffs include any state tort claims, each should be clearly set forth as a separate claim for relief.

As set forth below, the court GRANTS the County's Motion to Dismiss with leave to amend; GRANTS Defendants Kawakami, Porter, Rezentes, Serquina, Kaleiohi, and Ortiz' Motion to Dismiss without leave to amend; and GRANTS Defendants Kauai Police Department, Raybuck, the Kauai Police Commission, and Hertog's Motion of Dismiss without leave to amend.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

Because Plaintiffs are proceeding pro se, the court liberally construes their Complaint. *See Erickson*, 551 U.S. at 94; *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (citation omitted). The court must grant leave to amend if it appears that Plaintiffs can correct the defects in their Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013). *See also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure

deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV.  DISCUSSION

**A.     The County's Motion to Dismiss (ECF No. 33)**

As set forth above, the Complaint alleges that Plaintiffs are homeless, that there is limited shelter space for homeless on Kauai (that is, fewer shelter beds than the number of registered homeless), and that Plaintiffs were cited under KCC §§ 19-2.3(a) and 19-1.4(a)(13) while camping at Salt Bond Beach Park.  Finally, Plaintiffs allege that the various citations issued to them were dismissed with prejudice in state court.[7]  According to Plaintiffs, these facts state a plausible Eighth Amendment violation.

Specifically, the Complaint alleges that Defendants violated their Eighth Amendment rights as established in *Martin v. City of Boise*.  *Martin* involved two Boise, Idaho ordinances: 1) Boise City Code § 9-10-02, which makes it a misdemeanor to use "any of the streets, sidewalks, parks, or public places as a camping place at any time;" and 2) Boise City Code § 6-01-05, which bans "[o]ccupying, lodging, or sleeping in any building, structure, or public place,

---

[7] Plaintiffs allege that after this January 8, 2020 dismissal, they were cited again under KCC §§ 19-2.3(a) and 19-1.4(a)(13) on January 15, 2020.  ECF No. 1 at PageID #8-9.

whether public or private . . . without the permission of the owner or person entitled to possession or in control thereof." *Martin*, 920 F.3d at 603-04. *Martin* concluded that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to." *Id.* at 603. *Martin* articulated "the principle . . . that the Eighth Amendment prohibits the state from punishing an involuntary act or condition if it is the unavoidable consequence of one's status or being." *Id.* at 616-17 (citation and quotation marks omitted).

But *Martin's* holding is not as broad as Plaintiffs claim—at different times, the court explained that its holding is limited to the criminalization of "sleeping outside on public property" or "sleeping in public" or "sleeping outdoors, on public property" where there is no option of indoor sleeping. *See, e.g., id*. at 603-04, 617. In fact, the court explicitly characterized its holding "as a narrow one" that did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets . . . at any time and at any place." *Id.* at 617 (citation omitted). As an example, "an ordinance prohibiting sitting, lying, or sleeping outside at particular times or in particular locations might well be constitutionally permissible," as well

as "an ordinance barring the obstruction of public rights of way or the erection of certain structures." *Id.* at 617 n.8.  And "[c]ourts following *Martin* have declined to expand its holding beyond criminalization of homelessness." *Young v. City of L.A.*, 2020 WL 616363, at *5 (C.D. Cal. Feb. 10, 2020) (citing *Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1081-82 (W.D. Wash. 2019) (collecting cases)). "*Martin* does not limit the [c]ity's ability to evict homeless individuals from particular public places." *Aitken*, 393 F. Supp. at 1082.  Nor does it "establish a constitutional right to occupy public property indefinitely at Plaintiffs' option." *Miralle v. City of Oakland*, 2018 WL 6199929, at *2 (N.D. Cal. Nov. 28, 2018).

Thus, accepting as true that Kauai lacks adequate shelter space for its homeless population, at most Plaintiffs allege that they were cited for sleeping in a public park and/or construction of a structure (presumably a tent) at a park or recreation facility (assuming, also as alleged, that Plaintiffs obtained a permit to camp as of December 9, 2019, and were again cited on December 10, 2019).  But the Complaint does not plausibly allege that Defendants criminalized Plaintiffs for sleeping on *public property*; instead, it alleges that Defendants criminalized sleeping in a *public park*.  That is, although perhaps Plaintiffs could not sleep at Salt Pond Beach Park without receiving a citation, there is nothing in the Complaint to suggest that Plaintiffs could not sleep in other public places within

the County of Kauai. Put differently, had the County of Kauai ordinance criminalized sleeping at Salt Pond Beach Park, with or without a permit, such a restriction would not by itself violate the Eighth Amendment. Instead, *Martin* applies if the locality criminalizes the homeless sleeping on public property "on the false premise that they had a choice in the matter." *Id*. at 617. Here, all that is clear from the Complaint is that Plaintiffs could not sleep at one public park on Kauai.

Unlike the ordinance considered by *Martin*, which criminalized sleeping outside on public property *anywhere* in Boise, *see Martin*, 920 F.3d at 617, KCC § 19-2.3(a) is limited to public parks, not public land.[8] Further, none of the KCC ordinances at issue criminalizes "the simple act of sleeping outside," *Martin*, 920 F.3d at 617, or someone's status as homeless, as necessary to state an Eighth Amendment claim under *Martin*.

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967,

---

[8] To be clear, the events alleged in the Complaint occurred in December 2019, prior to the COVID-19 pandemic. And, during the hearing, the parties agreed that citations are not presently being issued.

977-78 (9th Cir. 2013). Because the court cannot say that it would be impossible for Plaintiffs to allege sufficient facts to state a claim, the court grants Plaintiffs leave to amend the complaint, to attempt to cure the deficiencies noted in this Order.

**B.    The Individual Defendants' Motions to Dismiss Claims Against Them in Their Official Capacities (ECF Nos. 32 and 34)**

Derek S.K. Kawakami, Patrick Porter, Wallace G. Rezentes Jr., Robin Serquina, Ellsworth Kaleiohi, Ray Ortiz, Todd Raybuck, and Mary K. Hertog are all named in the Complaint in their official, not individual, capacities. ECF No. 1 at PageID # 2.[9] And each claims that these official capacity claims should be dismissed as duplicative of the claims against the County of Kauai. The court agrees.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v.*

---

[9] During the hearing on this matter, Plaintiff Lance Kamuela Gomes stated that he intentionally only brought suit against the defendants in their official capacities. That is, there is no ambiguity as to Plaintiffs' intent—the Complaint is clear that each defendant is named only in their "Official Capacity," ECF. No. 1 at PageID #2, and Plaintiffs confirmed that there was no intent to name any defendant in their individual capacity.

*Graham*, 473 U.S. 159, 166 (1985). Thus, "[s]uits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). And this applies equally to claims against a municipality for damages or injunctive relief: "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Accordingly, the court dismisses the claims against the individual Defendants in their official capacities with prejudice.

**C.     Motion to Dismiss Kauai Police Department and Kauai Police Commission (ECF No. 34)**

The Kauai Police Department and Kauai Police Commission argue that they are not legal entities separate from the County of Kauai, and thus should be dismissed. The court agrees.

Claims against a municipality and its respective police department are treated as claims against the municipality and thus not subject to suit under § 1983. *See, e.g.*, *Oyadomari v. Sutherland-Choy*, 2020 WL 61573, at *2 (D. Haw. Jan. 6, 2020) (treating Honolulu Police Department and the City and County of Honolulu as one party); *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012) (same); *Young v. Hawaii*, 548 F.Supp.2d 1151, 1164-65 (D. Haw. 2008) (same as

12

to the Hawaii County Police Department and Hawaii County), *overruled on other grounds by Dist. of Columbia v. Heller*, 554 U.S. 570 (2008); *Pourny v. Maui Police Dep't, Cty. of Maui,* 127 F.Supp.2d 1129, 1143 (D. Haw. 2000) (same as to the Maui Police Department and the County of Maui).  Plaintiffs offer no opposition to this general principle, and fail to address why the same rule shouldn't apply to the Kauai Police Commission.  Accordingly, the court dismisses the claims against the Kauai Police Department and Kauai Police Commission with prejudice.

**D.     Leave to Amend**

Plaintiffs are granted leave to amend their Eighth Amendment claim against Defendant the County of Kauai.  Plaintiffs may also amend the complaint to add any state law claims.

Plaintiff must file an amended complaint by September 25, 2020. An amended complaint must be designated as a "First Amended Complaint."  An amended complaint generally supersedes the original complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be repled in

13

an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).  Thus, the court will not refer to the original complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint.  Local Rule 10.4 requires that an amended complaint be complete in itself without reference to any prior pleading.

If Plaintiffs choose to file an amended complaint, they must write short, plain statements telling the court: (a) the constitutional or statutory right Plaintiffs believe was violated; (b) the specific basis of this court's jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what that defendant did or failed to do; (e) how the action or inaction of that defendant is connected to the alleged violation of Plaintiffs' rights; and (f) what specific injury Plaintiffs suffered because of that defendant's conduct.  Plaintiffs must repeat this process for each person or entity that they name as a defendant.  And Plaintiffs may include only one claim per count.

Failure to amend the Complaint by September 25, 2020 will result in dismissal of this action with prejudice for failure to state a claim.

///

///

## V. <u>CONCLUSION</u>

The court GRANTS the County's Motion to Dismiss with leave to amend; GRANTS Defendants Kawakami, Porter, Rezentes, Serquina, Kaleiohi, and Ortiz' Motion to Dismiss without leave to amend; and GRANTS Defendants the Kauai Police Department, Raybuck, the Kauai Police Commission, and Hertog's Motion of Dismiss without leave to amend.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gomes, et al. v. Cty. of Kauai, et al.*, Civ. No. 20-00189 JMS-WRP, Order Granting Motions to Dismiss, ECF Nos. 32-34