IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE KAMUELA GOMES, ET AL.,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF KAUAI,<br><br>　　　　　　　Defendant. | Civ. No. 20-00189 JMS-WRP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**I.　INTRODUCTION**

Defendant County of Kauai ("Defendant" or "the County") moves to dismiss Plaintiffs' First Amended Complaint ("FAC") filed on September 23, 2020.[1]  ECF No. 52.  The FAC alleges that Plaintiffs are homeless and that the County "criminalizes the homeless sleeping on public property on the false premise that they had a choice in the matter" in violation of *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) and the Eighth Amendment to the United States Constitution.  ECF No. 51 at PageID ## 295-96.

---

[1] The pro se Plaintiffs are Lance Kamuela Gomes ("Gomes") and Brandee L. Abuan, and their minor children "I.A.G (m), and B.A.K.G. (f)" (collectively "Plaintiffs").  ECF No. 51 at PageID # 294.  Because I.A.G. and B.A.K.G. are minors, the court uses their initials and not their full names.  *See* Fed. R. Civ. P. 5.2(a)(3).

Previously, by an August 26, 2020 Order, the court dismissed the original Complaint against the County for failure to state a claim, but granted Plaintiffs leave to amend.  ECF No. 48 at PageID # 290.  The FAC, however, does not cure the deficiencies identified in the August 26, 2020 Order.  Accordingly, the court GRANTS Defendant's Motion to Dismiss—the court dismisses the federal claim with prejudice, declines supplemental jurisdiction over the state law claim for Intentional Infliction of Emotional Distress ("IIED"), and thus dismisses the IIED claim without prejudice to refiling it in state court.[2]

## II. DISCUSSION

### A.    The August 26, 2020 Order

The original Complaint alleged, in relevant part, that Plaintiffs were cited several times in 2019 and 2020 for camping and sleeping at Salt Pond Beach Park in violation of Kauai County Code ("KCC") § 19-2.3(a) (requiring a permit to camp at any County public park)[3] and § 19-1.4(a)(13) (barring constructing or

---

[2] The court decides the Motion without a hearing under Local Rule 7.1(c).

[3] Section 19-2.3, entitled "When Permit Required; Time for Issuance" provides in relevant part:

> (a)  Any person who camps, erects a tent or constructs any temporary sleeping quarters on any County public park during the hours of 5:00 p.m. to 10:00 a.m. shall first obtain a camping permit from the Department of Parks and Recreation or any other authorized County agency.

erecting any "building or structure" at a County park, unless authorized by the County engineer, except for a "prefab and manufactured quick tent no larger than twenty (20) feet by twenty (20) feet").[4]  *See* ECF No. 1 at PageID ## 5-9.  The Complaint further alleged that, on December 10, 2019, a County official "remov[ed] [c]amping [p]ermits" that Plaintiffs had obtained the day before and "once again . . . issued citations for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) with the objective of deterring Plaintiffs from continuing to shelter in place at Salt Pond Beach Park."  *Id.* at PageID # 8.

        The August 26, 2020 Order acknowledged *Martin*'s conclusion that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to."  ECF No. 48 at PageID # 285 (quoting *Martin*, 920 F.3d at 603).  This court, however, distinguished *Martin*'s

---

[4] Section 19-1.4(a)(13) provides in relevant part:

> (a)  No person at a park or recreation facility shall:
> . . . .
> (13)  Construct or erect any building or structure of whatever kind, whether permanent or temporary in character, unless authorized by the County Engineer or designated representative on a permit, except for a prefab and manufactured quick tent no larger than twenty (20) feet by twenty (20) feet for an event or gathering.

narrow holding—which was based on an analysis of two Boise, Idaho ordinances—for at least two reasons:

First, *Martin* "criminalized sleeping outside on public property *anywhere* in Boise," *id.* at PageID # 287, whereas the KCC ordinances at issue— unlike the Boise ordinances—are "limited to public parks, not public land," and "none of the KCC ordinances at issue criminalizes 'the simple act of sleeping outside.'" *Id.* (quoting *Martin*, 920 F.3d at 617). Second, this court reasoned that

> the Complaint does not plausibly allege that Defendants criminalized Plaintiffs for sleeping on *public property*; instead, it alleges that Defendants criminalized sleeping in a *public park* . . . . [T]here is nothing in the Complaint to suggest that Plaintiffs could not sleep in other public places within the County of Kauai. Put differently, had the County of Kauai ordinance criminalized sleeping at Salt Pond Beach Park, with or without a permit, such a restriction would not by itself violate the Eighth Amendment. Instead, *Martin* applies if the locality criminalizes the homeless sleeping on public property "on the false premise that they had a choice in the matter." [920 F.3d] at 617. Here, all that is clear from the Complaint is that Plaintiffs could not sleep at one public park on Kauai.

*Id.* at PageID ## 286-87.

**B.    The FAC Still Does Not State an Eighth Amendment Claim**

Plaintiffs filed the FAC on September 23, 2020. ECF No. 51. As in the original Complaint, the FAC alleges a federal claim under 42 U.S.C. § 1983

against the County for a violation of the Eighth Amendment based on *Martin*. *Id.* at PageID ## 295-96, 298-99. It now also clearly alleges a separate state law tort claim for IIED. *Id.* at PageID ## 298, 299.

Like the original Complaint, the FAC alleges that the County lacks adequate shelters for the homeless. *See id.* at PageID # 296 ("Currently the County of Kauai has one shelter located in Lihue with a maximum capacity of 19 occupants with over 500 registered homeless on Kauai[.]"). And like the original Complaint, the FAC alleges several specific incidents in 2019 and 2020 where the County "subjected Plaintiffs to the criminalization of 'sleeping outside on public property' or 'sleeping in public' or 'sleeping outdoors, on public property[.]'" *Id.* at PageID # 296. Unlike the original Complaint, however, the FAC omits any specific reference to KCC §§ 19-1.4(a)(13) or 19-2.3(a). Instead, the FAC simply refers to "Exhibit A" attached to the FAC, where Exhibit A consists of 14 pages of state court dockets for most of the criminal citations issued to Gomes. *See* ECF No. 51-1 at PageID ## 304-17.[5]

---

[5] Because the FAC attaches and references Exhibit A, the court considers it to be part of the FAC for present purposes. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("We may . . . consider materials that are submitted with and attached to the Complaint [when deciding a motion to dismiss]."). In turn, the docket sheets in Exhibit A reference the applicable KCC sections, so that the court still considers the criminal citations to have been for a failure to obtain a camping permit or for illegal structures in a park. *See, e.g.*, ECF No. 51-1 at PageID # 306
(continued . . .)

Similar to the original Complaint, the FAC further alleges that on "December 11, 2019, at approximately 6:00 [a.m.], [County] Officers arrived at Salt Pond Beach Park which constitutes 'Public Property' and arrested and detained [Gomes] for sleeping in his vehicle in the parking lot on 'Public Property[.]'" ECF No. 51 at PageID # 296. The FAC alleges that later that day Plaintiffs obtained camping permits, but on "December 12, 2019, at approximately 5:00 [a.m.]," County officials "removed" the camping permit obtained the day before and "once again intentionally criminaliz[ed] Plaintiffs for sleeping on '[p]ublic [p]roperty.'" *Id.* at PageID # 297.[6]

The FAC has not cured the deficiencies identified in the August 26, 2020 Order. That is, the FAC still fails to state a claim for a violation of the Eighth Amendment as set forth in *Martin*. It remains the case that Plaintiffs' criminal citations—although Exhibit A indicates that only *Gomes* was ever cited—based on KCC §§ 19-1.4(a)(13) and 19-2.3(a) were for permit-related violations, not for

---

(. . . continued)
(referring to citation on Nov. 8, 2019 for "KCC 19-1.4(a)(13)" and "KCC 19-2.3(a)." That is, Plaintiffs cannot avoid the effect of the August 26, 2020 Order simply by omitting references to the specific ordinances.

[6] The original Complaint alleged the same series of events on December 9, 2019 and December 10, 2019—not December 11, 2019 and December 12, 2019. *See* ECF No. 1 at PageID ## 7-8. Whether the different dates in the FAC are merely a typographical error, or a substantive correction, it ultimately makes no difference in the Court's analysis.

sleeping in public.  That is, the KCC ordinances do not criminalize "the simple act of sleeping outside," *Martin*, 920 F.3d at 617, or Plaintiffs' status as homeless, as necessary to state an Eighth Amendment claim.[7]

And even if the FAC could be construed as alleging a particular arrest or citation in December 2019 that was *not* specifically for a permit-related violation of KCC §§ 19-1.4(a)(13) or 19-2.3(a), the FAC would still fail to state a claim under *Martin*.  Even accepting as true that, as alleged, Plaintiffs obtained a camping permit on December 11, 2020, and were again cited on December 12, 2020, the FAC still alleges that the County criminalized sleeping in a *particular public park* (Salt Pond Beach Park)—it does not plausibly allege that the County criminalizes sleeping anywhere on public property on Kauai.  *See* ECF No. 48 at PageID # 286-87 ("[A]lthough perhaps Plaintiffs could not sleep at Salt Pond Beach Park without receiving a citation, there is nothing in the Complaint to suggest that Plaintiffs could not sleep in other public places within the County of

---

[7] It makes no difference that Plaintiffs have added the words "criminalizes" or "criminalizing" in the FAC to describe the actions of the County.  *See, e.g.*, ECF No. 51 at PageID ## 296 ("[H]omeless . . . at risk of being criminalized"), 297 ("[I]ntentionally criminalizing Plaintiffs for sleeping on '[p]ublic [p]roperty'").  The court accepts, both in the original Complaint and the FAC, that Gomes was cited for and subjected to "criminal citations" for illegal camping.  But simply alleging that the County "criminalized" Plaintiffs' behavior—without other facts—does not raise a plausible claim for an Eighth Amendment violation under *Martin*, which prohibits "criminaliz[ing] conduct that is an unavoidable consequence of being homeless—namely sitting, lying, or sleeping on the streets."  920 F.3d at 617 (quotation marks and citation omitted).

Kauai.  Put differently, had the County of Kauai . . . criminalized sleeping at Salt Pond Beach Park, with or without a permit, such a restriction would not by itself violate the Eighth Amendment.").

It bears reiterating that *Martin*'s holding is very narrow.  *Martin* did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets . . . at any time and at any place."  920 F.3d at 617 (citation omitted).  Rather, "an ordinance prohibiting sitting, lying, or sleeping outside at particular times or in particular locations might well be constitutionally permissible," as well as "an ordinance barring the obstruction of public rights of way or the erection of certain structures."  *Id.* at 617 n.8.  "Courts following *Martin* have declined to expand its holding beyond criminalization of homelessness."  *Young v. City of L.A.*, 2020 WL 616363, at *5 (C.D. Cal. Feb. 10, 2020) (citing *Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1081-82 (W.D. Wash. 2019) (collecting cases)).  "*Martin* does not limit the [c]ity's ability to evict homeless individuals from particular public places."  *Aitken*, 393 F. Supp. at 1082.  And "*Martin* does not establish a constitutional right to occupy public property indefinitely at Plaintiffs' option."  *Miralle v. City of Oakland*, 2018 WL 6199929, at *2 (N.D. Cal. Nov. 28, 2018).

Moreover, nothing in the FAC indicates that the County has a "policy or custom" of simply "prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to," *Martin*, 920 F.3d at 603, as is required to state a claim for municipal liability under § 1983. *See, e.g.*, *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

In short, the court GRANTS the County's Motion to Dismiss as to the Eighth Amendment claim under § 1983. After two attempts, Plaintiffs have failed to state a plausible § 1983 claim under *Martin*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because further amendment would be futile, the dismissal of the federal claim is with prejudice. *See, e.g.*, *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

### C. The Court Declines Supplemental Jurisdiction over the IIED Claim

The remaining claim is a supplemental state law claim for IIED. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks and alterations omitted).

Here, judicial economy does not favor retention of jurisdiction. The matter has not proceeded past the initial pleading stage—Defendant has not filed an answer and the court has only addressed the federal claim. It is a matter purely of state law whether the allegation that the County "removed" a camping permit on December 12, 2019 that Plaintiffs obtained the day before, ECF No. 51 at PageID # 297, is sufficient to state a claim for IIED. The factors of "judicial economy,

convenience, fairness, and comity," *City of Chicago*, 522 U.S. at 173, weigh in favor of declining supplemental jurisdiction over Plaintiffs' state law claim. Accordingly, the court dismisses the IIED claim *without* prejudice—if desired, Plaintiffs may assert such a claim in state court. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 ("When the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (citation and footnote omitted).

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Defendant County of Kauai's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 52. The

///

///

///

///

///

///

///

federal claim is dismissed with prejudice; the state law claim is dismissed without prejudice. The Clerk of Court shall close the case file.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, November 24, 2020.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Gomes v. Cnty. of Kauai*, Civ. No. 20-00189 JMS-WRP, Order Granting Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint